UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
YARON ABRAHMOV,

       Plaintiff,

  -against-

FIDELITY INFORMATION CORPORATION,

       Defendant.
------------------------------------------------------------------X

**ORDER**

12-CV-03453 (NGG) (SMG)

NICHOLAS G. GARAUFIS, United States District Judge.

 On July 12, 2012, Plaintiff Yaron Abrahmov filed this action against Defendant Fidelity Information Corporation, alleging violations of the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. (Compl. (Dkt. 1).) On January 9, 2013, Plaintiff moved for default judgment against Defendant. (Mot. Default J. (Dkt. 8).) The court referred this motion to Magistrate Judge Steven M. Gold for a report and recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1) to address both liability and damages. (See Apr. 19, 2013, Order (Dkt. 11).)

 On August 6, 2013, Judge Gold issued an R&R, recommending that the court grant Plaintiff's motion for default judgment and direct the entry of judgment against Defendant in the amount of $3,611.08, representing $500 in statutory damages and $3,111.08 in attorneys' fees and costs. (See R&R (Dkt. 14).) Pursuant to Judge Gold's Order (see id. at 9), Plaintiff filed proof of service of the R&R upon Defendant at its last known address (see Dkt. 15).

 No party has objected to Judge Gold's R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). (See also R&R at 9.) Therefore, the court reviews the Amended R&R for clear error. See Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); La Torres v. Walker, 216 F. Supp. 2d

157, 159 (S.D.N.Y. 2000); cf. 28 U.S.C. § 636(b)(1). Finding no clear error, the court ADOPTS the R&R in its entirety, see Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007), and as set forth above and in the R&R: Plaintiff's motion for default judgment is GRANTED and judgment shall be entered against Defendant for $3,611.08, representing $500 in statutory damages and $3,111.08 in attorneys' fees and costs. The Clerk of Court is respectfully directed to enter judgment and close the case.

SO ORDERED.

Dated: Brooklyn, New York
       September 1⁊, 2013

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge